IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC JAMMOND TAYLOR, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-390 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO TRANSFER
PETITIONER'S SUCCESSIVE PETITION TO THE FIFTH CIRCUIT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Criminal Institutions Division, and currently is incarcerated at the McConnell Unit

in Beeville, Texas.  Proceeding pro se, petitioner filed this habeas corpus petition

pursuant to 28 U.S.C. § 2254 on September 7, 2006.  (D.E. 1, at 10).  On October

16, 2006, respondent filed a motion to dismiss for lack of jurisdiction.  (D.E. 7).

On November 15, 2006, petitioner filed a response to respondent's motion to

dismiss.  (D.E. 8).  For the reasons stated herein, it is respectfully recommended

that the respondent's motion to dismiss be granted.

**I.  JURISDICTION**

The Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 2241,

2254, which provide that jurisdiction is proper where the inmate is confined or

where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961

(5th Cir. 2000).  Petitioner is an inmate at the McConnell Unit in Beeville, Texas.

Therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

Petitioner is currently serving a life sentence for murder.  (D.E. 7, Ex. A, at

12).  He was sentenced on November 7, 1997.  Id.  His conviction was affirmed on

December 16, 1998.  Id.  He filed a petition for discretionary review, which was

refused by the Texas Court of Criminal Appeals on January 29, 1999 because it

was untimely.  Id. at 12 n.1.  He did not file an application for state habeas review.

Id. at 13.

Petitioner has previously challenged his conviction in federal court.  On May

18, 2000, he filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in the

Northern District of Texas, claiming that the evidence presented at trial was

insufficient to sustain his conviction.  Id.  On February 22, 2001 the petition was

dismissed, with prejudice, as time barred.  Id. at 18.  On September 7, 2006, he

filed the instant petition, alleging that newly discovered evidence establishes he is

innocent, and that the prosecution knowingly used perjured testimony.  (D.E. 1, at

7-8).

Petitioner claims that Gene Collier, a key witness for the prosecution during

trial, now recants his testimony.  (D.E. 1, at 7-8).  He alleges that Mr. Collier has

2

signed a sworn affidavit dated May 28, 2004 recanting testimony that ties

petitioner to the murder.  Id.  He argues that without Mr. Collier's testimony, there

was no evidence to place him at the scene of the crime.  Id.  However, petitioner

failed to provide a copy of this affidavit.

### III.  DISCUSSION

Respondent does not address the merits of petitioner's claims, but rather

moves the Court to dismiss the petition for lack of subject matter jurisdiction

because it is a successive petition for federal habeas relief.  (D.E. 7, at 5).

### A.    Motion to Dismiss Standard of Review.

In order to be entitled to habeas relief, petitioner must show his liberty is

being restrained in violation of the constitution, treaties, or statutes of the United

States.  United States v. Hayman, 342 U.S. 205, 211 (1952).  "Habeas corpus relief

is extraordinary and 'is reserved for transgressions of constitutional rights and for a

narrow range of injuries that could not have been raised on direct appeal and

would, if condoned, result in a complete miscarriage of justice.'"  Kinder v. Purdy,

222 F.3d 209, 213 (5th Cir. 2000) (per curiam) (quoting United States v. Vaughn,

955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to

dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v.

Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus, the central question before the Court is whether plaintiff's complaint states any valid claim for relief.  See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.    Standard of Review for Successive Habeas Petitions**.

The Fifth Circuit has long held "that the piecemeal presentation of post-conviction attacks on confinement cannot be tolerated; consideration of the merits of successive petitions for habeas relief must be limited to those cases in which there is a good reason for the petitioner's failure to raise all of his claims at one

time." Daniels v. Blackburn, 763 F.2d 705, 706 (5th Cir. 1985) (per curiam) (citing Rudolph v. Blackburn, 750 F.2d 302, 305 (5th Cir. 1984)).  In addition, petitioner's application for writ of habeas corpus is subject to review pursuant to the narrow provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to habeas petitions filed after its effective date of April 24, 1996). Pursuant to the AEDPA, federal habeas corpus review on a second or successive petition is extremely limited.  See 28 U.S.C. § 2244(b).  A claim for habeas relief that was not submitted in the prior petition must be dismissed unless the petitioner can show that the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty."  28 U.S.C. § 2244(b)(2).

In addition, petitioner must seek authorization from the Fifth Circuit to file a successive petition:

> Before a second or successive application permitted by
> this section is filed in the district court, the applicant shall
> move in the appropriate court of appeals for an order
> authorizing the district court to consider the application.

5

28 U.S.C. § 2244(b)(3)(A) (emphasis added).  A three-judge panel of the appropriate court of appeals may authorize the second or successive appeal upon the finding that the petitioner has made a prima facie showing that the application meets the statutory requirements.  28 U.S.C. § 2244(b)(3).  The statute does not set forth a definition of the term "second or successive application."  The Fifth Circuit, however, has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam) (citations omitted).  A habeas petition is not considered successive merely because it follows an earlier petition, but where it raises a claim that could have been raised, or was raised in an earlier petition, it is considered a successive petition.  Id. at 235-36.  If a petition is successive, then "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one."  United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

**C.     Petitioner's Application is Construed as a Successive Petition.**

In February 2001, petitioner's first federal petition for writ of habeas corpus was dismissed with prejudice because it was time barred.  (D.E. 7, Ex. A, at 18,

22).  Petitioner argues that his instant petition is not successive because: (1) his first petition was dismissed on grounds other than the merits; and (2) he did not exhaust his state remedies before filing the first petition.  (D.E. 8, at 4). Respondent asserts that the instant petition is successive because petitioner knew of his current claims when he filed his first petition.  (D.E. 7, at 7).

The Fifth Circuit has held that a petition may still be deemed "second or successive" even if petitioner's first petition was dismissed without the court reaching the merits.  In re Bagwell, 401 F.3d 312, 315-16 (5th Cir. 2005).  In Bagwell, it dismissed the petition, in part, "because the factual predicate for his Fifth Amendment claim could have been discovered though [sic] the exercise of due diligence."  Id. at 316.  Here, petitioner was presumably aware of his innocence during his first federal habeas petition.  At that time, he could have diligently pursued and obtained the evidence he now asserts to have in the form of Mr. Collier's affidavit.  Therefore, petitioner's argument that his petition is not successive because his first petition was not dismissed on the merits must fail.

The Fifth Circuit has also rejected the contention that a federal habeas petition is not successive merely because a petitioner did not seek relief on certain claims in an earlier petition because the petitioner had not yet exhausted state remedies.  Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003) (rejecting the

7

petitioner's argument that he should not have been required to raise a claim in his first federal habeas application because it was unexhausted).  It explained that "'the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.'"  Id. (quoting McGary v. Scott, 27 F.3d 181, 184 (5th Cir. 1994)).  Therefore, petitioner's argument that his petition is not successive because he had not yet exhausted state remedies before filing his first petition is unsuccessful.

The "AEDPA requires that [a petitioner's] successive petition be dismissed unless 'the factual predicate for the claim[s not presented in a prior application] could not have been discovered previously through the exercise of due diligence.'" Johnson v. Dretke, 442 F.3d 901, 907 (5th Cir.) (emphasis added) (citing 28 U.S.C. § 2244(b)(2)), cert. denied, Johnson v. Quarterman, 127 S. Ct. 383 (2006). Petitioner claims that he is entitled to habeas relief on the grounds that he is actually innocent, which he asserts can now be proven by a trial witness' affidavit that recants his trial testimony.  (D.E. 8, at 8).  He claims that perjured testimony was introduced at trial.  Id.  He argues that he could not have brought his claim in his earlier habeas petition because it would have been unsuccessful but for the affidavit he now possesses.  Id. at 9.  He does not attempt to argue that he did not know of the facts that underlie his claims, but instead that he did not present the

claims earlier because to do so would have been futile.  Petitioner knew of the factual predicate for the claims he now presents at the time he filed his first habeas petition.

The Fifth Circuit has held that "[a]n exception exists [to the rule against successive or otherwise abusive petitions] if a petitioner can prove that he is 'actually innocent' of the crime of conviction."  Wilkerson v. Cain, 233 F.3d 886, 889 (5th Cir. 2000).  It explained that "if a petitioner can establish, through new evidence not previously available, that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence,' a federal court may consider otherwise barred constitutional claims in order to avoid 'a fundamental miscarriage of justice.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)).  Petitioner claims that Mr. Collier's affidavit can prove that he is actually innocent of the crime for which he was convicted.  (D.E. 8, at 5).  He has not presented a copy of the affidavit.  Regardless, the plain language of 28 U.S.C. § 2244(b) requires petitioner to seek permission from the Fifth Circuit before filing a successive petition.

Accordingly, it is respectfully recommended that this Court find that his instant habeas petition is a successive petition.  It is further respectfully recommended that because the petition is successive and petitioner has not sought

9

permission from the Fifth Circuit to file a successive petition, this Court lacks

jurisdiction to address the merits of petitioner's claims.

**D.  Certificate of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a

habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner

relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on

would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability regarding the finding that this Court lacks jurisdiction to address the merits of his claims.

**E.      Petitioner's Request for Transfer to Fifth Circuit.**

Petitioner requests that if his petition is construed as successive, that this Court transfer it to the Fifth Circuit as a "Motion for Authorization."  (D.E. 8, at 9). This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court.  See 28 U.S.C. § 2244(b)(3)(A); see also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (approving practice of transferring successive motions to the Circuit and establishing procedures to handle such transfers).

In this case, petitioner asserts that Mr. Collier's affidavit is dated May 28, 2004.  Petitioner does not state when he learned of the existence of the affidavit, but if he did succeed in filing his habeas petition before the limitations period expired, a new petition might be time barred.  Accordingly, it is respectfully recommended that petitioner's application for habeas corpus relief be transferred to the Fifth Circuit for petitioner to pursue proper authorization.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court find that the habeas petition is successive and that this Court lacks jurisdiction to

address the merits of petitioner's claim.  Furthermore, it is respectfully

recommended that the Court deny a certificate of appealability regarding the

finding that the Court lacks jurisdiction.  Finally, it is respectfully recommended

that the Clerk of this Court be ordered to transfer this petition for writ of habeas

corpus to the Fifth Circuit for consideration as a motion for authorization to file a

successive petition for habeas relief.

      Respectfully submitted this 11th day of December 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

14